UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Curtis D. Richardson, ) <br> *a.k.a. Curtis Dale Richardson*, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> A.J. Padula, Warden of LCI, ) <br> ) <br>     Respondent. ) <br> _____) | Civil Action No.: 4:09-cv-01360-RBH <br><br><br><br> **ORDER** |

The Petitioner, Curtis Dale Richardson, is a state prisoner[1] proceeding *pro se* under Title 28 U.S.C. § 2254.

This case was assigned to United States Magistrate Judge Thomas E. Rogers, III.[2] Pending before the court is a Report and Recommendation [Docket Entry #8] from the Magistrate Judge filed on June 26, 2009. In the Report, the Magistrate Judge recommended that the petition be dismissed without prejudice due to the fact Petitioner failed to obtain a Pre-Filing Authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3). The Magistrate Judge concluded such authorization was necessitated by the fact that this court had previously adjudicated a petition for writ of habeas corpus filed by Petitioner with

---

[1] Petitioner was an inmate at Lee Correctional Institution, a facility of the South Carolina Department of Corrections. However, it appears Petitioner's Burglary 2nd Degree conviction has since expired. *Petition* at 3, question 9(f); Order from the South Carolina Supreme Court dated April 22, 2009, attached to Petition.

[2] This matter was referred to Magistrate Judge Rogers pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rules 73.02(B)(2)(c) and (e) (D.S.C.).

respect to the same conviction. Petitioner filed his Objections to the Report and Recommendation [Docket Entry #18] on July 27, 2009.[3]

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1).

The district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). Moreover, in the absence of objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## **Discussion**

On September 5, 2000, Petitioner was convicted of Burglary 2nd Degree in the Horry County Court of General Sessions. The petition presently before this court is the fourth § 2254 action filed by Petitioner with respect to the above conviction.[4]

---

[3] Filing date under *Houston v. Lack*, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to district court).

[4] A more complete discussion of Petitioner's procedural history is set forth in the Magistrate Judge's Report and Recommendation.

"[A]n individual may not file a second or successive § 2254 petition for a writ of habeas corpus or § 2255 motion to vacate sentence without first receiving permission to do so from the appropriate circuit court of appeals." *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

In his objections, Petitioner seems to misunderstand the Magistrate Judge's recommendation. Nowhere in his objections does Petitioner set forth an explanation for, or any information regarding, his failure to obtain a Pre-Filing Authorization from the Fourth Circuit Court of Appeals. Therefore, because Petitioner filed this § 2254 petition without receiving Pre-Filing Authorization from the Fourth Circuit Court of Appeals, this court does not have jurisdiction to consider it.

## **Conclusion**

The court has reviewed the Report and Recommendation, objections, pleadings, memoranda, and applicable law. For the reasons stated above and by the Magistrate Judge, the court overrules Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. Additionally, Petitioner's Motion for Preliminary Injunction and Motion for Temporary Restraining Order [Docket Entry #20] are rendered moot by this decision. This case is hereby **DISMISSED** *without prejudice* and without issuance and service of process upon Respondent.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

October 15, 2009
Florence, South Carolina